**SO ORDERED.**

**SIGNED this 22 day of August,2016.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| SEAN DEMETRIUS JONES, | 15-02044-5-SWH |
| DEBTOR | |

**ORDER DENYING MOTION TO CONFIRM STAY IS NOT IN EFFECT**

The matter before the court is the Motion to Confirm the Automatic Stay is Not in Effect, filed by Cheryl A. Jones ("Ms. Jones"). A hearing was held on July 13, 2016 in Wilmington, North Carolina, at the conclusion of which, the court took the matter under advisement pending additional briefing by the parties.

**BACKGROUND**

The debtor and Ms. Jones were formerly married, and are currently parties to a divorce proceeding in New Hanover County District Court in which a claim for equitable distribution was made. The parties were granted a divorce on November 22, 2013. On April 13, 2015, the debtor filed a petition under chapter 13 of the Bankruptcy Code, at which time, the equitable distribution claim remained pending. On June 15, 2015, the parties consented to modifying the automatic stay

for the limited purpose of liquidating the property distribution claims in state court, but reserved enforcement and administration of such claims to the bankruptcy court. On July 23, 2015, the New Hanover County District Court entered an order on equitable distribution ("Equitable Distribution Order"), which, *inter alia*, awarded to Ms. Jones $63,736.00 of the debtor's local government employee's retirement ("LGER") account and $116,182.00 of the debtor's 401(k). Equitable Distribution Order, Jones v. Jones, File No. 13 CVD 3564, at 10-12 (New Hanover Co., N.C., July 23, 2015).

On the same day as the Equitable Distribution Order was entered, Ms. Jones filed a Motion for Relief from the Automatic Stay in this court seeking to modify the stay to allow her to enforce the Equitable Distribution Order against the debtor's LGER account and 401(k). Ms. Jones filed a Motion to Determine Domestic Support Obligations on November 25, 2015. On March 21, 2016, this court entered an Order Regarding Motion to Determine Nature of Debtor's 401(k) and Retirement Account Obligations and Motion to Lift Stay ("Order Partially Lifting Stay"). In that order, this court held that the 401(k) obligation was a property distribution and not a domestic support obligation, and thus was dischargeable, and that the debtor's LGER account qualified as a domestic support obligation, and thus, pursuant to 11 U.S.C. § 523(a)(5),[1] it was not dischargeable. The court modified the automatic stay to allow Ms. Jones to enforce her rights in the debtor's LGER account in light of the non-dischargeable nature of her claim, but denied relief from the stay as to her dischargeable claim against the debtor's 401(k).

On March 30, 2016, Ms. Jones filed a formal notice of appeal of the Order Partially Lifting

---

[1] "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . . for a domestic support obligation." § 523(a)(5).

2

Stay. On June 23, 2016, Ms. Jones filed the present motion seeking a determination that the stay was *never* in effect as to the 401(k). Ms. Jones argues that the 401(k) is excepted from application of the automatic stay pursuant to § 362(b)(2)(A)(iv), which provides that the automatic stay does not apply to an action or proceeding "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate." § 362(b)(2)(A)(iv). Since the 401(k) is exempt property, and thus is not property of the bankruptcy estate, Ms. Jones contends that the stay does not apply. Ms. Jones' logic entails two assumptions. First, equitable distribution is part and parcel to "the dissolution of a marriage," and thus is excepted from the automatic stay. Second, the qualifier to this exception – that proceedings seeking to determine the division of property of the estate are not immune from the stay (put simply, the exception to the exception) – applies only to property of the estate. Under Ms. Jones' view, since the statute specifies that the automatic stay is in place with respect to divisions of property of the estate, the converse must also be true: the automatic stay is *not* in place as to property that is *not* property of the estate.

      The debtor raises three counter arguments. First, he argues that under § 362(b)(2)(A)(iv), "dissolution of a marriage" relates solely to the divorce itself, not the division of property. Second, he contends that Ms. Jones' interpretation of § 362(b)(2)(A)(iv) that the stay is not in effect as to property that is not property of the estate is improper because it depends upon an unreasonable inference from the language of the statute. And finally, the debtor argues that Ms. Jones had multiple opportunities to assert that the stay is inapplicable, but failed to do so, and thus she waived this argument and is judicially and equitably estopped from attempting to raise it now.

**DISCUSSION**

The filing of a petition operates as a stay of most proceedings and actions against the debtor, his property, and property of the bankruptcy estate. 11 U.S.C. § 362(a). However, exceptions to the automatic stay are set out in 11 U.S.C. § 362(b). In pertinent part, § 362(b)(2)(A)(iv) provides that the automatic stay does not apply to a proceeding "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate." § 362(b)(2)(A)(iv).

The court first turns to the meaning of "dissolution of a marriage." Relying on North Carolina statutes, the debtor maintains that equitable distribution and divorce are not reliant upon one another, and in fact may be granted separately. The debtor cites to N.C. Gen. Stat. §§ 50-21, 50-6, 50-11 and 50-13, and highlights that the "dissolved/dissolution" language appears only in connection to absolute divorce. Further, the statutory procedures for equitable distribution only require that the parties be separated, not divorced. N.C. Gen. Stat. § 50-21. The court agrees with the debtor, and finds that "dissolution of a marriage" is separate relief from a division of property.

Ms. Jones incorrectly equates the dissolution of marriage to an equitable distribution proceeding. However, the North Carolina statutory authority exemplifies that the dissolution of a marriage is nothing more than the parties' actual divorce. N.C. Gen. Stat. § 50-21. The North Carolina legislature has chosen to distinguish between a divorce proceeding and an equitable distribution proceeding by stating that an equitable distribution action can be brought when a husband and wife begin to live apart. N.C. Gen. Stat. § 50-21(a). The equitable distribution claim does not have to be accompanied by, and is not dependent upon, the dissolution of a marriage. In fact, there could be a number of insurance or tax reasons for parties to have a court equitably

distribute their property without filing for divorce. Moreover, amendments to N.C. Gen. Stat. § 50-21 were made in 1992 and 1995 that demonstrate the legislature's intent of further separating divorce and equitable distribution. The 1992 amendment allowed a judgment for equitable distribution to be entered prior to entry of a divorce decree if the parties were separated for at least six months and they consented to an equitable distribution trial prior to absolute divorce. 1992 North Carolina Laws Ch. 910 (H.B. 190). In addition, the 1995 amendment removed the clause forbidding a judgment for equitable distribution prior to entry of a decree of absolute divorce. 1995 North Carolina Laws Ch. 245 (H.B. 273). However, even prior to the 1995 amendment, the court could equitably distribute property preceding entry of divorce if the parties consented and had been separated for at least six months. The court finds that an equitable distribution claim does not constitute a "dissolution of a marriage," and thus is not excepted from the automatic stay under § 362(b)(2)(A)(iv).[2] The fact that the Equitable Distribution Order was not entered until almost two years after the parties were granted a divorce further supports the court's conclusion.

      Ms. Jones also posits that because § 362(b)(2)(A)(iv) contains qualifying language that the stay is in place with respect to a proceeding for a dissolution of marriage that seeks to determine the division of property that *is* property of the estate, the inverse must also be true: the automatic stay

---

[2]Moreover, courts have recognized that "the domestic status of a debtor is severable from a debtor's economic status." Jones v. Jones (In re Jones), Adv. Pro. No. 09-00018, 2009 WL 2475009, at *2 (Bankr. N.D.W. Va. Aug. 11, 2009) (finding that entry of divorce decree was not prohibited by automatic stay); see also Williford v. Williford (In re Williford), No. 08-10172, 2008 WL 4335942, at *3 (11th Cir. Sept. 24, 2008) (divorce decree violated stay by dividing marital property, but bankruptcy court annulled the stay and thereby validated the divorce decree); Hamm v. Beasley (In re Beasley), Adv. Pro. No. 10-3060-WRS, 2011 WL 1399072, at *2 (Bankr. M.D. Ala. Apr. 12, 2011) (state court could proceed with dissolving the marriage, but violated the stay by dividing the marital property within divorce decree); see also In re Lewis, 423 B.R. 742, 753-54 (Bankr. W.D. Mich. 2010) (division of marital property was a separate issue from dissolution and support).

5

does *not* apply in a proceeding for dissolution of a marriage that seeks to determine the division of property that is *not* property of the estate. Accordingly, Ms. Jones argues that the stay does not apply to the debtor's 401(k), which is property of the debtor and not property of the bankruptcy estate.[3] The court cannot agree. The court begins with the premise that "silence is not always indicative of congressional intent. . . . it 'is generally presumed that Congress acts intentionally and purposely' when it 'includes particular language in one section of a statute but omits it in another.'" In re Phillips, Case No. 12-09022-8-DMW, 2016 WL 3765694, at *8 (Bankr. E.D.N.C. July 8, 2016) (quoting City of Chicago v. Envtl. Def. Fund, 511 U.S. 328, 338 (1994)). If Congress wanted something in a statute, "then Congress would have unambiguously made that statement." Id.

The Code explicitly provides that a "claim against the debtor" includes a "claim against property of the debtor." § 102(2); see In re Jones, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006). Therefore, the automatic stay bars the recovery of pre-petition claims against property of the debtor, not merely property of the bankruptcy estate. § 362(a)(1). Because claims against the debtor's property are automatically stayed, nothing short of clear statutory authorization will support lifting of the stay. See 4 Collier on Bankruptcy ¶ 5.03[7] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (a proceeding to divide property in connection with divorce is stayed to the extent it is commenced pre-petition and seeks to affect a property interest of the debtor). The court notes that a clear statutory directive is found in § 362(b)(2)(B), which provides that the stay is not operative against "the collection of a domestic support obligation from property *that is not property of the estate*." § 362(b)(2)(B) (emphasis added). If there is no automatic stay in place with respect to property that is not property of the estate, this exception would be meaningless.

---

[3] See 11 U.S.C. § 522(b)(3)(C).

Had Congress intended for no stay to be in effect with respect to the division of property that is not property of the estate, it would have explicitly provided therefor. However, Congress only did this with respect to domestic support obligations. See §§ 362(b)(2)(A)(ii); 362(b)(2); In re Lewis, 423 B.R. at 753-54 (noting the Supreme Court's instruction that the "better reasoned views among the Courts of Appeals have similarly stated the domestic relations exception [is] *narrowly* confined to suits for divorce, alimony, or child custody decrees"). This court has already ruled that Ms. Jones' claim to the debtor's 401(k) is not a domestic support obligation. Further, even if the court were to interpret § 362(b)(2)(A)(iv) as making the stay inapplicable to property that is not property of the estate, it would only apply to "proceeding[s] seek[ing] to *determine the division* of property." § 362(b)(2)(A)(iv) (emphasis added). In contrast, ultimately Ms. Jones wants the court to find that the stay is not in effect as to the *collection* of property that is not property of the estate. This is clearly foreclosed by the fact that the only exceptions to the stay with regard to collection involve domestic support obligations. See §§ 362(b)(2)(B); 362(b)(2)(C). The court rejects Ms. Jones' interpretation of § 362(b)(2)(A)(iv) and finds that the automatic stay is in place with respect to the debtor's 401(k).[4] Further, the court declines to lift the stay to allow Ms. Jones to recover the 401(k), as her claim may be dischargeable. See Collier ¶ 5.03[7] (property settlement claims may be dischargeable, so court has strong interest in maintaining control over such claims).[5] In light of the

---

[4]Ms. Jones relies on several cases that happen to note in dicta that the automatic stay does not apply in the first instance to non-estate property. See Stanwyck v. Stanwyck (In re Stanwyck), No. CC-07-1469-PeKPa, 2008 WL 8448839, at *5 n.12 (B.A.P. 9th Cir. June 25, 2008); Secrest v. Secrest (In re Secrest), 453 B.R. 623, 635 (Bankr. E.D. Va. 2011). However, that issue was not actually before the court in those cases, nor was it the subject of any discussion or analysis. The court is not persuaded by these cases.

[5]The possibility of discharge provides another compelling reason why claims for property division and distribution are subject to the automatic stay. See Collier ¶¶ 5.03[7]; 362.05[2]

above determinations, the court need not address the debtor's estoppel arguments.

## CONCLUSION

A dissolution of marriage is a divorce. There may be other procedures and claims that accompany the divorce, but the actual dissolution of marriage, as contemplated within § 362(b)(2)(A)(iv), is the breaking up of an agreement to be wed. The division of the debtor's 401(k) account does not fall within "dissolution of a marriage," and is not excepted from application of the automatic stay. The court also declines to lift the automatic stay, and it will remain in effect until further order of this court or the appellate court. Ms. Jones' Motion to Confirm the Automatic Stay is Not in Effect is hereby **DENIED**.

**END OF DOCUMENT**

---

("there is simply no reason to permit enforcement of an obligation that is about to be discharged."). On the contrary, since domestic support obligations are not dischargeable, there is no reason to delay proceedings to establish or modify them. Collier ¶ 362.05[2].