IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-58-D

| | |
|---|---|
| CHERYL A. JONES, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| SEAN D. JONES, | ) |
| | ) |
| Appellee. | ) |

Cheryl Jones appeals an order of the United States Bankruptcy Court for the Eastern District of North Carolina. See [D.E. 1]; [D.E. 1-1] (bankruptcy court order of March 21, 2016). In the order, the bankruptcy court analyzed a North Carolina state court equitable distribution order involving Cheryl Jones and her ex-husband Sean Jones. The bankruptcy court found that the state court's award of $116,182 to Cheryl Jones from Sean Jones's 401(k) account was a property distribution under 11 U.S.C. § 523(a)(15), but that the state court's award of $63,736 to Cheryl Jones from Sean Jones's local government employee's retirement ("LGER") account was a domestic support obligation under 11 U.S.C. § 523(a)(5).[1] Accordingly, the bankruptcy court denied Cheryl Jones's motion to lift the automatic stay as to the $116,182 in the 401(k) account, but granted her motion to lift the automatic stay as to the $63,736 in the LGER account. As explained below, the bankruptcy court's judgment is affirmed.

---

[1] The parties do not dispute Sean Jones's obligation to pay $661.00 per month in child support or his obligation to pay $661.00 per month in alimony.

I.

Cheryl Jones contends that the bankruptcy court erred in refusing to grant her relief from the automatic stay in order to permit her to take possession of $116,182 from her ex-husband Sean Jones's 401(k) account. Pursuant to an equitable distribution order, a North Carolina state court awarded Cheryl Jones $116,182 from the 401(k) account as part of the divorce. See [D.E. 10-3] 6–18 (Equitable Distribution Order, Jones v. Jones, File No. 13 CVD 3564 (New Hanover County Dist. Ct. July 23, 2015)). According to Cheryl Jones, the bankruptcy court erred in denying the motion to lift the automatic stay by failing to cite In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992), and conduct the balancing under Robbins. See [D.E. 17] 5. Cheryl Jones also contends that the bankruptcy court erred in failing to find that she owned the $116,182 in the 401(k) account, and, therefore, was entitled to relief from the automatic stay to take possession of the $116,182. Id. 6. Finally, and alternatively, Cheryl Jones contends that the $116,182 from the 401(k) account is a "domestic support obligation" under 11 U.S.C. § 523(a)(5) and that the bankruptcy court erred in holding that the $116,182 from the 401(k) account was not "in the nature of support" under 11 U.S.C. § 523(a)(5). See id.

Sean Jones responds that, under North Carolina law, Cheryl Jones did not own or have a property interest in the $116,182. See [D.E. 19] 12–15; Butner v. United States, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."); Kroh v. Kroh, 154 N.C. App. 198, 201, 571 S.E.2d 643, 645 (2002) (under North Carolina law, a claim for equitable distribution is not a property right in specific marital property; rather, it is an unliquidated, unsecured, contingent claim); Justice v. Justice, 123 N.C. App. 733, 737–39, 475 S.E.2d 225, 229–31 (1996) (same), aff'd, 346 N.C. 176, 484 S.E.2d 551 (1997) (per curiam). Instead, according to Sean Jones, the $116,182

obligation was a debt. See Kroh, 154 N.C. App. at 201, 571 S.E.2d at 645; Justice, 123 N.C. App. at 737–39, 475 S.E.2d at 229–31. Moreover, Sean Jones argues that Cheryl Jones had to prove that the $116,182 award was "in the nature of support" under 11 U.S.C. § 523(a)(5), and that the bankruptcy court properly analyzed the equitable distribution order and the governing law and properly held that it was not. See [D.E. 19] 5. Furthermore, Sean Jones contends that the bankruptcy court properly held that the $116,182 award was a claim under 11 U.S.C. § 523(a)(15). See id. 10. Finally, Sean Jones argues that Cheryl Jones waived any argument under Robbins by failing to raise the argument. Alternatively, Sean Jones argues that the bankruptcy court complied with Robbins and properly declined to grant relief from the automatic stay to permit Cheryl Jones to pursue collection of this dischargeable general unsecured claim of $116,182 from the 401(k) account, and also properly granted relief from the automatic stay to permit Cheryl Jones to pursue collection of her claim of $63,736 from Sean Jones's LGER account because that $63,736 was "in the nature of support" under 11 U.S.C. § 523(a)(5).

Cheryl Jones replies that Robbins applies not only to cases where a non-debtor spouse seeks relief from the automatic stay to liquidate an equitable distribution claim, but also applies to a non-debtor spouse seeking to enforce a state-court equitable distribution order. See [D.E. 21] 4–5. In support, Cheryl Jones cites not only Robbins, but also Claughton v. Mixon, 33 F.3d 4, 5–6 (4th Cir. 1994), and Roberge v. Buis, 95 F.3d 42, at *2 (4th Cir. Aug. 27, 1996) (unpublished table decision). Cheryl Jones also argues that she did not waive her argument under Robbins and that federal bankruptcy law should trump otherwise inconsistent North Carolina law concerning equitable distribution orders. See [D.E. 21] 5–6.

The bankruptcy court possessed authority to enter a final judgment, and this court has jurisdiction over this appeal. See, e.g., 28 U.S.C. § 158(a); Exec. Benefits Ins. Agency v. Arkison,

3

134 S. Ct. 2165, 2171–74 (2014); Stern v. Marshall, 131 S. Ct. 2594, 2608–20 (2011). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007).

The court has reviewed the bankruptcy court order, the record on appeal, and the briefs. The bankruptcy court thoroughly analyzed the record (including the equitable distribution order) and the governing Fourth Circuit precedent, bankruptcy code provisions, and North Carolina law. See [D.E.1-1]. The court agrees with the bankruptcy court's thorough analysis and conclusions. See id. The bankruptcy court's findings of fact are not clearly erroneous, and its conclusions of law are correct.

As for Cheryl Jones's argument about Robbins, Cheryl Jones's waived the argument by failing to cite Robbins to the bankruptcy court or argue that it applied. See, e.g., In re Wallace & Gale Co., 385 F.3d 820, 835 (4th Cir. 2004) (on appeal from a trial court's ruling, failure to raise an argument before the trial court results in waiver of the argument on appeal "absent exceptional circumstances"). Exceptional circumstances do not warrant excusing the waiver in this case. See id.

Alternatively, even if not waived, the Fourth Circuit recognized in Robbins that "[a] decision to lift the automatic stay . . . is within the discretion of the bankruptcy judge." Robbins, 964 F.2d at 345; see Claughton, 33 F.3d at 5; Roberge, 95 F.3d 42, at *2. Generally, an abuse of discretion occurs only when a bankruptcy court relies upon clearly erroneous findings of fact or uses an erroneous legal standard. Westberry v. Gislaved Gumma AB, 178 F.3d 257, 261 (4th Cir. 1999).

Before exercising its discretion, a bankruptcy court must "balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins 964 F.2d at 345; see also Claughton, 33 F.3d at 5

4

(applying Robbins); Roberge, 95 F.3d 42, at *2 (same). A bankruptcy court does so by considering "(1) whether the issues in the pending litigation involve only state law . . . ; (2) whether modifying the stay will promote judicial economy . . . ; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." Robbins, 964 F.2d at 345

Cheryl Jones argues that she implicitly preserved an argument under Robbins by referencing in the bankruptcy court the absence of potential prejudice to Sean Jones's creditors or the bankruptcy estate and the economic hardship she would suffer if denied the requested relief from the automatic stay. According to Cheryl Jones, there was no potential for prejudice to the bankruptcy estate or Sean Jones's creditors because the $116,182 in the 401(k) account belongs to her and is not the property of the bankruptcy estate.

The bankruptcy court correctly analyzed the $116,182 in the 401(k) account and implicitly found that the bankruptcy estate and Sean Jones's creditors could suffer prejudice if the bankruptcy court lifted the automatic stay as to the $116,182 in the 401(k) account. See [D.E. 1-1] 7–10. The bankruptcy court also was aware of Cheryl Jones's financial situation and was aware of Sean Jones's other continuing financial obligations concerning alimony and child support. Id. 4–5, 14. Therefore, to the extent that Cheryl Jones challenges the bankruptcy court's alleged failure to consider the Robbins factors, this court concludes that the bankruptcy court implicitly considered the Robbins factors before exercising its discretion and declining to lift the automatic stay as to the $116,182 in the 401(k) account. See id. 3–14. Furthermore, the bankruptcy court did not abuse its discretion by declining to lift the automatic stay as to the $116,182 in the 401(k) account.

II.

In sum, the judgment of the bankruptcy court is AFFIRMED.

5

SO ORDERED. This _5_ day of December 2016.

                                      JAMES C. DEVER III
                                      Chief United States District Judge